Mr. Fisher, thank you. Good morning Your Honors, may it please the Court and Council. I'm representing the defendant in this case, Jared Willmer. Mr. Willmer was convicted in a jury trial of aggravated criminal sexual abuse, specifically the jury found that on June 1st, 2007, the defendant, who was then 20 years old, had sex with the complainant who was younger than 17, specifically she was 15 years old. Mr. Willmer was sentenced to a term of four years probation, including 120 days in the county jail. The two issues are raised on appeal. The first issue, the defendant submits that the trial judge abused his notion for a mistrial and ordered the jury to come back for a second day of deliberations. The defendant submits this was an abuse of discretion because on the first day of deliberations, three times the jury sent notes to the judge indicating that it was deadlocked, the third time after having received a preeminent instruction. The defendant therefore asked this court in the first issue raised on appeal to reverse his conviction and remand for a new trial. Alternatively, in issue two, he seeks a remand for an evidentiary hearing on his post-trial motion. One of the claims made in the post-trial motion was that the jury considered extraneous outside information during deliberations. The defense counsel supported this claim with an affidavit from one of the jurors and asked the judge to conduct a hearing and to question the jurors whether their consideration of this outside information impacted the jury's verdict. The judge refused to hold such a hearing and simply denied the post-trial motion. Defendant therefore seeks a remand for the type of evidentiary hearing that counsel had requested in the event that your honors do not remand this cause for a new trial. In our argument today, I intend to address both of these issues. All of the evidence in this case was presented on the first day of trial, six witnesses testified, three for each side. At the conclusion of proceedings on that first day, the cause was continued to the second day, and the morning of the second day, the jury began to deliberate. Twice on the second day, the jury sent notes to the judge indicating that it was deadlocked. The judge then gave the jury a print instruction. The jury continued to deliberate for almost an hour. It then sent a third note to the judge stating this time that it was hopelessly deadlocked and did not believe it could come to a verdict. The defense counsel asked the judge to discharge the jury and declare a mistrial. Instead, the judge ordered the jury to return for the next day for a second day of deliberations. The jury did so, ultimately returned a guilty verdict. Defendant submits that under the facts of this case, the judge abused his discretion and should have declared a mistrial. Now, certainly the judge has a great deal of discretion in deciding how long to allow a jury to deliberate and when or if to discharge that jury and declare a mistrial. According to case law in Illinois, among the factors the judge should consider in making that decision include the length of the trial, the number and complexity of disputed issues that the jury must resolve, and any proper communications that may have taken place between the judge and the jury. Here, the defendant submits those factors support his position on appeal. Again, this was a relatively short trial because all the evidence was presented on one day, three witnesses testifying on each side. In addition, there was only one disputed issue for the jury to decide in this case because the defense basically admitted that defendant had sex with the complainant and admitted their respective ages that would have qualified for an offense under the statute. The disputed issue revolved around the affirmative defense in this case, which is that at the time they had sex, the defendant had a reasonable belief that the complainant was of age, that she was 17 or older. So that was the only issue the judge had to decide here, and it was not particularly complex. It came down to the credibility of the witnesses. As to the communications between the judge and the juries, I've already stated, the jury sent three notes during the course of the day indicating that it was deadlocked the third time following the giving of the prim instruction. Now, I think the prim instruction is really a last resort. And frankly, the defendant has found no cases and the state has cited no cases where the jury has received a prim instruction, has continued to deliberate, has then told the judge we still cannot arrive at a verdict, but yet the judge advises the jury continue to deliberate. The danger here is that the jury might come to the conclusion that they would never be discharged unless they returned a verdict. That's setting up the possibility that the verdict here was not necessarily based on the evidence in the case, but was based, at least in the judge telling the jury you have to continue to deliberate. Now, the state argues on appeal that the jury actually benefited from the additional day of deliberations because it allowed the jury to reach a verdict. Defendant submits it was really the state that benefited because it was a guilty verdict. Now, having said that, the defense certainly acknowledges that the goal of all the parties involved in a case, once the jury is impaneled, is that jury will reach a unanimous verdict. But in the small percentage of cases where the jury simply cannot do so, especially after receiving a prim instruction that they still can't decide, the judge's only alternative really is to declare a mistrial. The defendant submits the judge should have done that here, and for that reason, he respectfully asked this court to remand the cause for a new trial. Now, after the jury returned the guilty verdict in this case, defense counsel filed a post trial motion, and one of the issues raised in that motion was that the jury considered outside information during its deliberations. Specifically, that on the morning of the second day of deliberations, that one of the jurors brought into the jury room various Bible verses and shared those with the other jurors. In addition, that the night following the first day of deliberations, one of the jurors did some legal research, apparently on the internet, and brought that research with him into the jury room, sharing with the other jurors on the morning of the second day of deliberations. And both of these claims were supported by an affidavit from one of the jurors, a Mr. Baxter. This was the juror who had apparently done the legal research. He claimed one of the other jurors had brought in the Bible verses. Based on this set of evidence, the judge decided to bring the jury back. Of course, at this point, this was at sentencing, to schedule a hearing to question the jurors to find out whether their consideration of this information had impacted their eventual guilty verdict. And the judge refused to do so, and ultimately denied the post trial motion. The law is very clear that in deliberating on a case and deciding a case, a jury can only consider evidence presented by the attorneys in the courtroom, and can only consider instructions of law provided to the jury by the judge. A jury cannot consider outside sources of information, cannot do independent research, whether it be legal research or factual research pertaining to the case. And the state admits on appeal that where it appears the jury has considered outside information, that that can be a basis for impeaching the verdict. And so that's what counsel attempted to do here, and he asked the judge to hold a hearing, but the judge refused to do so. Now, the state also argues on appeal that perhaps this outside information may have been favorable to the defense. Well, I suppose that's true, but the problem is we don't know that because there was no hearing with questioning of jurors. The state also argues that the defense here failed to prove prejudice. That is true as well, but he was basically rebuffed in his attempt to prove prejudice when the judge refused to hold a hearing to call on the jurors and question them what impact, if any, their consideration of this outside information may have had on the jury's verdict. Now, defense believes and argues to this court that defense counsel handled this matter appropriately in bringing it to the judge's attention in a post-trial motion as soon as he found out about it, in supporting it with an affidavit and asking the court to hold a hearing. But solely as a fallback argument in the event your honors feel that counsel was somehow negligent. For example, to warrant the holding of the hearing by, say, tendering to the judge the Bible verses, which he didn't do, or tendering to the judge the legal research, which he didn't do, or failing to simply call the jurors as witnesses himself rather than asking the judge to question jurors. If your honors feel that somehow counsel didn't do enough here, then again as a backup argument, defendant would maintain that his counsel was ineffective in presenting the claim. I think the two issues you raise are related somehow. I think there's arguably some interplay between the two. I mean, that the carryover to the next day actually provided anxious jurors. Well, that's true too, and it's not specifically part of the first argument, but certainly had the judge discharged the jury, all of this outside information was allegedly considered on the second day, so that's true. Had there been no discussion on the second day, then there would have been no consideration. I'm just a little more tying it together, a little more. I'm not sure myself, but it seems that maybe the jurors in their frustration at that point, or evident frustration, sought some kind of solutions outside of the evidence that they couldn't resolve the case on. And I'm wondering if somehow that added to the prejudice of your first argument, if you will. I don't know if there's a way to interrelate them in a legal argument, but I'm... I think that's certainly possible. In fact, and I think I might have mentioned this in the reply brief, but at the end of the first day, when the judge told the jury that he was going to discharge them for the afternoon, but to come back the next morning, there was a question put to the judge, I think by one of the jurors, saying, asking for further guidance as to a particular instruction of law, and no details were going to at that point in time. But apparently one or more of the jurors wanted the judge to ask a question with respect to the instructions of law, and the judge said, well, we'll deal with that now, we'll deal with that in the morning. A transcript shows that it was not dealt with, was not raised again by the jury, was not brought up by the judge. And it's certainly possible, in terms of this independent legal research that was done that night, perhaps that was done in an effort to resolve this question which the jury tried to bring up at the end of the first day of deliberations. I'm sorry, Your Honor? As well as the theological research. You said the legal research, and I'm saying perhaps the theological research. And it's possible, sure, it's possible that the theological research that might have played into it as well. That's certainly possible. I'm just wandering around there, Mr. Fisher, I'm sorry. Now, again, defense counsel, defense primarily lays the fault, if we want to call it that, at the doorstep of the judge. Again, as an alternative, defense would argue that his own attorney was ineffective for not making a sufficient claim at the post-trial motion stage. Would you expect a defense lawyer to do a task of judge when he says we're not having a hearing? No, I know all I'm saying is if Your Honor's feel, well, he should have tried to present more evidence or simply maybe call the jurors as witnesses as opposed to asking the judge the question. The primary defense argument is that defense counsel did what he could and acted appropriately, but solely in the event Your Honor's feel that he didn't, in the alternative, in issue two, defendant argues that his attorney was ineffective. But regardless of who may have been at fault here, the fact of the matter is defense presented a very serious claim, which is not... Thank you. A very serious claim, which is not otherwise contradicted by the record, was not rebutted by the state. Defendant submits he deserved a hearing to find out what really happened. And because the judge did not hold a hearing, denied counsel's request for a hearing, in issue two, defendant respectfully asks Your Honor's to remand this cause for such a hearing to be held in the event you do not remand for a new trial as requested in the first issue. Thank you, Mr. Fisher. Thank you. Mr. Leonard. May it please the court, counsel, regarding the first issue, whether the trial judge abused his discretion in failing to call a mistrial. Of course, abusive discretion is defined as an arbitrary, defensible, or unreasonable, where no reasonable man would take the view taken by the trial judge. I believe that's a pretty high standard in this case. I want to go over the specific time periods of the jury deliberations. The jury began deliberating at 10.31 a.m. on February 27th. The jury had lunch. They deliberated through lunch. At 1.20 p.m., the jury sent out its first note, using the word deadlocked, and asked for transcripts of the witnesses. Both parties were in agreement that the note returning to the jurors should instruct them that they could not have those transcripts and keep deliberating. At 3.01 p.m., the jury sent out two notes. It was a tally of the guilty versus not guilty, and then there was another separate sheet of the tally. I'm sorry, the first exhibit was a group of the individual votes of guilty, not guilty. The second note was a tally of those. The trial judge saw that. He did not share that with the lawyers. At that point, the trial judge told the jury to keep deliberating. And both parties were in agreement that they should keep deliberating. At 3.30 p.m., the trial judge gave the prim instruction over the objection of the defendant. The jury was told by the trial judge early during the day that they would be dismissed at 4.30. It was becoming close to 4.30 at that time. The jury was given like a 10-minute break and sent back to deliberate after the prim instruction was given. At 4.14 p.m., the jury sent out another note saying it was deadlocked. At that point, the defendant asked for a mistrial. That was denied. 4.30 came around. The jurors were instructed not to deliberate anymore, and they were sent home for the evening and said to come back about 9.30 a.m. the next day. The jurors came back at 9.30 that day, and they deliberated until 11.15 a.m., where they rendered a guilty verdict. Now, just looking at this timeline and the notes that the jury sent out, I don't believe you can say that the trial judge's decision denying the mistrial was arbitrary, fanciful, or unreasonable, or that no reasonable person would take that position. The trial judge certainly believed that the jury was moving towards a verdict. The trial judge had knowledge that we don't have. That would be how the jurors were voting and how the deliberations were proceeding. Mr. Fisher says that this was not a complicated case, and there was only one issue, whether the defendant believed that this victim was 17 or older. Well, it was not a very complex issue, but I believe it was a very difficult issue. The jury got this young man's hands in his life, his life in their hands, if they wanted to be extremely cautious and sure, because convicting someone of such a serious crime could ruin their relationship. I would ask that you not speculate what the jury's reason was for taking such a seemingly long deliberation in such a short case. But the fact of the matter is that this was not an abuse of discretion by the trial judge considering these facts. Regarding the second issue on the extraneous information, yes, the two jurors brought in extraneous information, but it was at the post-trial motion that the attorney had his opportunity to bring about all the jurors on the other affidavits and present that evidence to the trial judge. He did not do that. He simply brought the affidavit of Mr. Baxter. Well, he asked for a hearing. He did ask for a hearing. He was told he wouldn't get a hearing. But he was denied that hearing. But what the defendant wants now is a second bite of the apple. He could have presented all of that evidence at the post-trial motion, but he chose not to. We believe that a post-conviction hearing would be more suited in this case rather than just remanding the cause for a hearing on the issue. Well, isn't the question that if enough was presented to require a hearing is not a question on this issue? I believe the question is whether he showed prejudice or not, not whether he presented enough evidence for a hearing. I believe the defense attorney had his opportunity at that point at the post-trial motion to present his evidence that this extraneous information prejudiced his client. Well, the Supreme Court in the accrued total case indicated that in order to obtain such a hearing the defendant must produce specific detailed and non-conjectural evidence in support of his position. So he's presented, for example, the one affidavit that the person went out and did other legal research. We don't know what. Well, the affidavit says that he asked his wife to look up the statute on the internet and he had the statute and he discussed what the statute was with the other jurors. Well, we don't know the exact nature of all the information that he shared with the jury or that the jury was exposed to. No. Was that enough to require a hearing? I believe it was not for two reasons. It was the defendant's burden to show prejudice. It's not the purpose of a hearing. Whether or not you meet the initial requirement to show that a hearing might be necessary. Maybe it wasn't prejudicial to show that the jury was not impartial, but maybe it was. We don't know. But at the appellate level here I believe it's the defendant's burden to show that he was prejudiced. He had the opportunity. He presented the evidence, the juror's affidavit, but I don't believe that that rose to the occasion. He did not present enough evidence for a hearing. Well, the reason I'm talking about this 99 cases there they just had a letter from a juror whether or not there was a relationship between the state's attorney and somebody and the court saying although we acknowledge that these facts do not provide conclusive evidence that codes in the state's attorney had a relationship that prejudiced the defendant's right to a fair trial we believe that they were sufficiently specific, detailed, and non-conjectural to require the trial court to hold an evidentiary hearing to determine whether such a relationship exists. Well, that is, I think, a significantly different factual situation than we have here. Well, who instructs the jury on the law? It's the trial judge. Who evidently partially instructed the jury in this case? Well, the trial judge instructed the jury but not because I see your point but not all extraneous information is prejudicial or cause for reversal here. Well, I agree with that. It's just a progress here and we don't know what it is. We don't know what it is but it was the defendant's burden to present enough evidence for a hearing. If the defendant wants a hearing I suggest the post-conviction hearing act and that way Well, how much do you think is required to trigger the hearing at this point? You've got the defense attorney presenting to the court two affidavits and the one to me that's most bothersome is the one about the law. I believe there was one affidavit from Mr. Baxter. There are two claims one's about the Bible verses and then the other one's about I'm not sure if it's Leviticus or Old or New Testament Yes We don't know exactly what it was but I don't believe that that was enough to trigger the trial judge to hold a hearing on the issue. I believe at the very minimum the defense attorney should have at least presented what that information was. Yeah, I mean what's troubling to me is how much Do you have to show the prejudice before you can even have the hearing to see if there's prejudice? I don't believe so You'd have to have enough So the question is using the standard the Supreme Court set up, what is the specific detail of the non-conjectural evidence in support of the position? Well, the affidavit was rather general In your situation in that Supreme Court case, the information was very specific No, no, no it wasn't In the Supreme Court case they said that although we acknowledge these facts do not provide conclusive evidence they weren't sure what they were So what they did is they retained jurisdiction they remanded the thing so for an evidentiary hearing it was done in trial court so it was determined whether a relationship really existed or not between these two people and whether that relationship even if it did exist prejudice defends right to a fair trial Yes, well I would believe that that would be factually distinguishable from this case I mean, if you are alleging a relationship between the state's attorney and another person which would affect the trial I believe that is more specific than what we have here is an affidavit from a juror who gives general information that the jury discussed the statute and another juror brought in Bible verses There's no information that this actually rose to the level that the trial judge had to hold a hearing I believe that's too general The trial judge fully instructed the jury I realize that the jury did go out of its way or two jury members went out of their way to do a little extra research but the affidavit to me just seems too general at least the affidavit should have provided what the Bible verses were at least the trial judge would have some idea of whether this was enough to hold a hearing or what the research was Other than that what was the trial judge to do He could have held a hearing but as a hearing we would have found out We would have found out but my argument is that there was not enough presented in this general affidavit, this general language in the situation that the Supreme Court had, it had a specific allegation that the state's attorney was having some kind of relationship with someone else and this affected the trial not all extraneous information is prejudicial to the defendant I believe it just falls short of the trial judge requiring such a hearing So that's a real question in this case how much prejudice do you have to have just to trigger a hearing to show prejudice I mean your standard is you have to show the prejudice even have a hearing to see how bad the prejudice was You have to show some prejudice My question is was that enough, was that specific detail and non-conjectual enough to show that it would trigger a hearing I agree it's on a sliding scale and I would say that it was not I believe there would have to be something more than this just general affidavit Would it be a concern for courts to know that people are doing outside research on the law Yes it would be a concern but the trial judge was aware of that The affidavit stated that simply his wife looked up the statute and he read the statute and he shared that with the other jurors but the trial judge already instructed the jury on the elements of the offense which were in the statute so I don't see how that would rise to the level where he would have to have a hearing Counselor your time is up Thank you Any rebuttal Mr. Fisher Yes your honor just briefly the state takes an interesting position in that the state doesn't say well the record shows that the jury did nothing wrong the jury did not consider outside information the state for purposes of this argument I think concedes that defense presented evidence through an affidavit that the jury did consider outside information and the state has nothing to counter it but the state says well there was no need to hold a hearing and as your honor Justice Carter points out well without knowing the exact nature of the legal research or the Bible verses it's impossible to say that there was no prejudice the state says well it hasn't been proved that there was prejudice well again the specter of prejudice has been raised and the only way that could be resolved would be through a hearing the state seems to acknowledge that a hearing might be appropriate but the state argues it should be through a post conviction petition well the same the same objective could have been reached in the trial court and can be reached on remand there's really no further or additional benefit that would arise by this being brought in the post conviction petition as opposed to simply remand to the trial court yes yes so defendants and your honors have every authority to remand the judge has every authority to hold a hearing that he should have held a hearing and the cause should be remanded for that purpose as to the first issue the only comment I would make is that the state argues today and it's a brief that the state believes the jury was moving towards the verdict on the first day of deliberations all we know really is what we know is that the third note sent by the jury to the judge which was after the jury had received the print instruction stated that the jury was hopelessly deadlocked the first two notes used the term deadlock the third note said hopelessly deadlocked and added the statement that the jury did not believe it could reach a verdict defendants admits that tends to show that the jury was actually moving away or was getting farther away from being able to reach a verdict not moving closer towards a verdict the print instruction doesn't say they have to reach a verdict it sets out what it sets out yes that's true in the hopes that it will break the deadlock and as I say in the small percentage of cases where it doesn't work the only alternative is to declare in this trial and again the danger is that the judge does not do so that sends a message implicitly if not explicitly that the jury will never be discharged unless it actually reaches a verdict and that's the danger here but that argument can be made any time there's an indication there's a deadlock with any jury you can make the argument because they gave the print instruction well that's true and I imagine that argument has been made and will be made in the future here again the unusual situation is that the print instruction is given and they still say it doesn't it's not helping us and yet the judge says well you have to come back I think that's a very unusual circumstance and again I haven't seen any cases maybe they're out there but I haven't seen cases where a jury has received the print instruction has deliberated and said we still can't come to a verdict and the judge has said well keep going anyway especially here again under the circumstances of a relatively short case in terms of the amount of evidence and the really only one issue for the jury to decide for all of these reasons in summary in issue one defendant asks for a new trial alternatively in issue two a remand for the evidentiary hearing that counsel had requested on the post-trial motion Thank you and thank you both for the argument Thank you